Anthony W DOUGLAS, Regina
C Douglas, Plaintiffs—
Appellants,

v.

CITY OF BATON ROUGE, Parish of
East Baton Rouge, Dept of Public
Works, for the Parish of East Baton
Rouge, Fred Raiford, Director of De-
partment of Public Works, Gerald
Boykins, Irys Allgood, Defendants—
Appellees.

No. 02–30846.
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 2003.

Before KING, Chief Judge, and
EMILIO M. GARZA and BENAVIDES,
Circuit Judges.

PER CURIAM.*

In this civil rights case, plaintiffs chal-
lenge the district court's orders setting
aside an entry of default and denying their
motion for appointment of counsel. Plain-
tiffs also complain of a denial of their
summary judgment motion, however, no
such motion was ever filed. Rather, it
appears that plaintiffs are challenging the
order setting aside the entry of default
judgement.

We do not have jurisdiction to review
the district court's order setting aside the

entry of default or its order denying plain-
tiffs' motion for default judgment. First,
plaintiffs' notice of appeal did not evince an
intent to appeal the denial of their motion
for default judgment. See FED. R.APP. P.
4(a). Second, neither of these orders is a
final order or an appealable interlocutory
or collateral order. See 28 U.S.C. §§ 1291,
1292; see also Adult Film Ass'n of Amer-
ica, Inc. v. Thetford, 776 F.2d 113, 115 (5th
Cir.1985). Accordingly, plaintiffs' appeal
from these orders are DISMISSED for
lack of jurisdiction.

An interlocutory order denying an appli-
cation for the appointment of counsel in a
42 U.S.C. § 1983 case is immediately ap-
pealable. Robbins v. Maggio, 750 F.2d
405, 409–13 (5th Cir.1985). However, a
trial court is not required to appoint coun-
sel for an indigent plaintiff in a civil rights
action unless there are exceptional circum-
stances. Ulmer v. Chancellor, 691 F.2d
209, 212 (5th Cir.1982). This court will not
reverse the district court's denial of such a
motion unless the appellants show that the
ruling constituted a clear abuse of discre-
tion. Cupit v. Jones, 835 F.2d 82, 86 (5th
Cir.1987).

Plaintiffs have not shown that the dis-
trict court's order denying appointed coun-
sel was a clear abuse of discretion. Cupit,
835 F.2d at 86. The district court's denial
of their motion for appointment of counsel
is therefore AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.